**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CHAD BECHTOLD** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:12CV516** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff Chad Bechtold's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction with a Request for Expedited Briefing (Dkt. 7). Having considered the record before it and the arguments presented at the October 18, 2012 hearing, and as set forth fully below, the Court finds that the motion should be DENIED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about October 29, 2003, Plaintiff Chad Bechtold executed a Promissory Note and Deed of Trust to purchase real property located at 304 Watson Drive, Allen, Texas 75002 ("the Property"). *See* Dkt. 3 at ¶ 9. On or about March 8, 2010, Plaintiff refinanced his loan to secure a better interest rate and executed a new Promissory Note with original lender, Primelending, a Plains Capital Company, and Deed of Trust. *Id.* at ¶ 10. According to Plaintiff, the new Deed of Trust was assigned from Mortgage Electronic Registration System, Inc. ("MERS") as nominee for Primelending, a Plains Capital Company, to Defendant Wells Fargo Bank, N.A., on or about February 28, 2008. *Id.* at ¶ 11. Subsequently, Plaintiff lost his job and requested and received his

1

first loan modification on or about July 8, 2011.  *Id.* at ¶ 13.  Due to apparent continued financial

difficulties, on or about May 10, 2012 Plaintiff requested another loan modification, but Defendant

Wells Fargo Bank denied the second request.   *Id.* at ¶ 13.

On August 6, 2012, Plaintiff filed suit in the 429th Judicial District in Collin County, Texas.

*See* Dkt. 3.  Defendant Wells Fargo Bank removed the suit to this Court on August 14, 2012.  *See*

Dkt. 1.

Plaintiff's state court petition lists the following causes of action: (1) breach of contract and

anticipatory breach of contract; (2) violation of Texas Consumer Credit Code/Debt Collection

Practices Act; (3) common law fraud; (4) negligence/ negligent misrepresentation; (5) violations of

the Texas Insurance Code; and (6) enforceability of the negotiable instrument.  *See* Dkt. 3.  Plaintiff

also seeks an accounting of all transactions on his mortgage loan, a temporary restraining order, and

injunctive relief.  *Id.*

Plaintiff has filed an Emergency Motion for Temporary Restraining Order and/or Preliminary

Injunction, asking the Court to enjoin the foreclosure sale of the Property and requesting a $350.00

bond.  *See* Dkt. 7.

### STANDARD FOR TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTION

The burden of introducing sufficient evidence to justify the grant of a temporary restraining

order or preliminary injunction is on the movant. *PCI Transp. Inc. v. Fort Worth & Western R.R.*

*Co.*, 418 F.3d 535, 546 (5th Cir. 2005).  The party seeking such relief must satisfy a cumulative

burden of proving each of the four elements enumerated before a temporary restraining order or

preliminary injunction can be granted.  *Mississippi Power and Light Co. v. United Gas Pipe Line*

*Co.*, 760 F.2d 618, 621 (5th Cir. 1985).  To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest.  *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005); *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195 (5th Cir. 2003).  Under Rule 65, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained...."  FED. R. CIV. P. 65(d).

## EVIDENCE PRESENTED

In the pleadings filed with the Court, the parties have filed the following evidence in support of their respective positions:

In support of his motion, Plaintiff has submitted:

Exhibit A -    Defendant's Notice of Removal

Exhibit B -    Corporate Assignment of Deed of Trust

Exhibit C -    LinkedIn Profile of John Kealy

Exhibit D -    Assignment of Mortgage

Exhibit E -    Letter from Wells Fargo declining Plaintiff's request for the second loan modification

Defendant's Response to Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction submits the following evidence:

Exhibit 1- Declaration of Michael John Dolan

Exhibit A -Promissory Note, dated March 8, 2010

Exhibit B - Deed of Trust, dated March 8, 2010

Exhibit C - Mortgage Loan History

Exhibit D - Letter to Bechtold, dated February 6, 2011

Exhibit E - Forbearance Agreement, dated March 22, 2011

Exhibit F - Loan Modification Agreement, dated July 8, 2011

Exhibit G - Letter to Bechtold, dated December 4, 2011

Exhibit H - Corporate Assignment of Deed of Trust

Further, at the hearing held on October 18, 2012, Plaintiff argued that Defendant Wells Fargo lacks authority to foreclose because Defendant cannot prove proper chain of title or possession of the original Note.  Plaintiff argued that John Kealy, a Wells Fargo employee, was not authorized to assign or transfer the Deed of Trust to Defendant on behalf of  MERS or Primelending. Furthermore, Plaintiff contended Defendant failed to record its interest from the assignment or transfer of the Note, therefore, Primelending, as the last entity to record its interest in the Note, is still the mortgagee.

In response, Defendant argued that Wells Fargo owns both the Note and the Deed of Trust. Defendant claims that Wells Fargo is a "holder" of the negotiable mortgage Note and therefore has the authority to foreclose.

### ANALYSIS

In support of his request for injunctive relief, Plaintiff reiterates the allegations in his complaint that the Deed of Trust and Note on the Property were not correctly assigned.  He contends that he can demonstrate a likelihood of success on the merits of the case because material questions remain about whether Defendant had a right to foreclose on the Property.  Plaintiff first claims Defendant lacks standing to foreclose, then challenges the enforceability of the negotiable instrument, and then alleges fraud.  The main thrust of Plaintiff's arguments rely on whether Mr. Kealy had the authority to sign and transfer the Deed of Trust and whether Defendant is in possession of the original Note, or the "holder" of a negotiable mortgage Note because the assignment was not recorded in the real property records.

Notably, Plaintiff does not dispute that he is in default on the loan.  Plaintiff instead challenges Wells Fargo's authority to foreclose on the Property, arguing that the Note is not dated, there is nothing that authorizes the Note to be assigned to Wells Fargo and that the assignment to Wells Fargo was not recorded.  Despite these challenges to Wells Fargo's authority, however, Plaintiff signed forbearance agreement and modification agreement with Wells Fargo as holder of the Note.

Plaintiff has not shown a likelihood of success on the merits as to these claims.  There is no evidence before the Court that would suggest that Wells Fargo is not the holder of the Note on the Property.  The "holder" of a negotiable mortgage note is "the person in possession of [the mortgage note] that is payable either to bearer or to an identified person that is the person in possession." TEX.

BUS. & COM. CODE § 1.201(b)(21).   A person may become the holder either at issuance or by

negotiation.  *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App. – Houston [1st Dist.] 2004, no pet.).

A "negotiation" is a transfer of possession "of an instrument by a person other than the issuer to a

person who thereby becomes its holder."  TEX. BUS. & COM. CODE § 3.201(a).   In general, a

negotiation requires the transfer of possession of the instrument and its endorsement by the holder.

"If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."  TEX.

BUS. & COM. CODE § 3.201(b).

Defendant presented a copy of the negotiable mortgage note in is possession supported by

a declaration from Michael Dolan.  Dkt. 12-2.   At this time, Plaintiff has not sustained his burden

in showing that he is likely to succeed on his claims that Primelending's interest in the Note was not

properly assigned to Wells Fargo or that Wells Fargo is not a holder of the Note.  Of great detriment

to Plaintiff's position here is the fact that his signature is on the Forbearance Agreement (Dkt. 12-7)

and Loan Modification Agreement (Dkt. 12-8) with Defendant Wells Fargo Bank as lender and thus,

holder of the security instrument.

With these documents before the Court, Plaintiff has not sustained his burden is showing that

Wells Fargo otherwise lacks authority to foreclose.   Under the Texas Property Code, a mortgagee

may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale.   *See* TEX.

PROP. CODE ANN. § 51.0025.  "A mortgagee is defined as (A) the grantee, beneficiary, owner, or

holder of a security instrument; (B) a book entry system; or (C) if the security interest has been

assigned of record, the last person to whom the security interest has been assigned of record."  TEX.

PROP. CODE ANN. § 51.0001(4).

Plaintiff has advanced no evidence or facts to show that Wells Fargo misrepresented its authority to collect on the Note, accelerate Plaintiff's debt, and/or foreclose on the Property.  Of particular significance to the Court is the Fifth Circuit's recent opinion in *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 Fed. Appx. 330 (5th Cir. 2012).  In *Kiggundu*, the Fifth Circuit affirmed the grant of summary judgment for a defendant bank whose authority to foreclose was challenged.  As explained by the Fifth Circuit:

> Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it.  *See* TEX. BUS. & COM. CODE §§ 1.201(b)(21), 3.204, 3.205.  Moreover, under Texas law, the mortgage follows the note. *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. App. 1979); *see United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir. 1983).  Thus, the Bank of New York was authorized to foreclose on the property when Kiggundu defaulted. Though Kiggundu attacks the validity of the assignment of the mortgage document—the deed of trust—to the Bank of New York, this argument is beside the point.  It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it.  *See Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex. App. 1995).

*Id*. at 331-332.  Here, as in *Kiggundu*, Defendant has offered evidence that it is in possession of the Note, and Plaintiff has not offered any evidence or authority that would show that he will succeed in his challenge to Defendant's authority to foreclose on the Property.

## RECOMMENDATION

Therefore, Plaintiff Chad Bechtold's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction with a Request for Expedited Briefing (Dkt. 7) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.   28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.   *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE